United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 28, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-50791

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTHUR NIAZ RANA,

Defendant-Appellant.

_____

Appeal from the United States District Court for
the Western District of Texas
(USDC No. M-04-CR-003)

_____

Before REAVLEY, JONES, and GARZA, Circuit Judges.

PER CURIAM:[*]

For the following reasons we uphold the conviction, and we vacate and remand the

case for resentencing:

1.      Rana's various criminal acts were not improperly joined for trial, and the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

district court did not abuse its discretion by refusing to sever the allegations.  See  United States v. Hickman, 331 F.3d 439, 446-47 & nn. 7-8 (5th Cir. 2003).  Rana billed for services not performed and billed for unnecessary services actually performed as part of his scheme to commit health care fraud.  Each false claim was an act in furtherance of that scheme.  Id. at 446 & n.7.  Likewise, Rana was not convicted on a less than unanimous verdict, and the indictment was not duplicitous.  Id. at 443 and 446.

2.   The government did not constructively amend the indictment by offering evidence that Rana performed and billed for unnecessary medical procedures in addition to offering evidence that Rana fraudulently billed for procedures that were never actually performed.  The indictment referred to the elements of the charged offense generally and also mentioned specific instances of charging the health care programs for allergy tests Rana never performed.  Rana claims that the government's introduction of testimony relating to other, medically unnecessary tests (in addition to evidence relating to the allergy tests Rana never performed at all) constituted a variance.  However, the introduction of additional evidence referencing a separate fraudulent act does not mean that Rana was tried for anything beyond the specific charges presented in the indictment returned by the grand jury, or that Rana lacked sufficient notice of the charges against him.

2

Any error was harmless. See Stirone v. United States, 361 U.S. 212, 217-18 (1960); United States v. Martino, 648 F.2d 367, 382 (5th Cir. 1981) (rejecting defendant's claim of variance where the government indicted on only one count of conspiracy and presented evidence of multiple conspiracies at trial).

3. The evidence was sufficient to support the jury's guilty verdict. Rana admitted that he billed for more allergy tests than he actually performed and that he performed unnecessary medical procedures, and the government provided evidence that the overbilling was not merely due to clerical or computer errors. The government provided evidence that Rana was aware that he routinely billed for 96 allergy tests, no matter how many tests were actually performed. Because Rana targeted Medicaid, his scheme to commit health care fraud affected interstate commerce. See Hickman, 331 F.3d at 444.

4. The indictment did not include acts barred by the statute of limitations, because Rana was engaged in a continuous scheme to commit health care fraud. Id. at 445-46.

5. Rana argues that the district court erred by allowing into evidence summary charts without requiring the government to furnish the underlying data used to create the charts; however, after looking at all of the evidence, the district court found that the government had turned over all of the underlying data.

Rana also argues that the summary charts were flawed or incomplete due to (1) clerical errors in the summary charts, (2) patients' information being redacted, and (3) the fact that the charts could not prove that the services billed for were not actually performed. The clerical errors in the charts may have affected the weight of the evidence, but they did not render the evidence inadmissible. Some of the patients' information was redacted to ensure the patients' privacy when the evidence was presented to the jury, but Rana had all of the redacted information. Finally, the summary charts were not offered to prove that Rana failed to perform the services for which he billed; they merely summarized Rana's billing history. The government offered sufficient evidence to prove that Rana had not performed the services, including Rana's own admissions. We hold that the district court did not abuse its discretion by admitting the summary charts into evidence. See United States v. Smyth, 556 F.2d 1179, 1184 (5th Cir. 1977).

6. It was also not an abuse of discretion for the government to exclude Rana's hearsay evidence in the form of a note allegedly written by a former employee taking blame for billing errors that occurred at the clinic. Id.

7. The government did not engage in misconduct by questioning the authenticity of an obviously altered document offered into evidence by Rana. The district court noted that the date on which the document was purported to be created was three weeks after the date on which the

4

document was offered into evidence, so there was some basis for the government's allegations.

8.      Finally, in light of <u>United States. v. Booker</u>, __ U.S. __, 125 S. Ct. 738, 750 (2005), we vacate and remand the case for resentencing, because the district court and not the jury determined the amount of restitution and loss, which was then used to calculate Rana's sentence.

The conviction is AFFIRMED; the sentence is VACATED and the case is REMANDED.