[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 30, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14021

_____

D.C. Docket No. 03-00557-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEXTER DEONTATE KING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 30, 2005)**

Before TJOFLAT and KRAVITCH, Circuit Judges, and MILLS[*], District Judge.

PER CURIAM:

---

[*]Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

On July 15, 2004, the district court sentenced appellant to prison terms totaling 156 months for violations of 18 U.S.C. §§ 924(c)(1)(A)(iii), 1951, 2113(a), and 2113(d), all stemming from appellant's involvement in an attempted bank robbery. As part of the sentencing package, the court ordered appellant to make restitution to the bank in the sum of $20,984.04. Appellant now appeals this restitution order, contending that the court's basing its order on facts neither admitted by him nor found by a jury runs afoul of the Supreme Court's decisions in Blakely v. Washington, ___ U.S. ____, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and United States v. Booker, ___ U.S. ____, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

The Government confesses error with respect to that part of the restitution sum, $11,485.69, representing the bank's (i.e., the victim's) cost of providing grief counseling to its employees, because restitution for that cost is not authorized by the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A. See Appellee's Brief at 6, 13 n.4. The question thus becomes whether the remaining part of the order in the sum of $9,498.35—the bank's cost in repairing property damage appellant caused—should be vacated.

Because appellant did not make a constitutional objection to restitution in the district court, he must satisfy the plain-error standard. "We have discretion to

correct an error under the plain error standard where (1) an error occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Duncan, 400 F.3d 1297, 1301 (11th Cir. 2005) (citing United States v. Olano, 507 U.S. 725, 732-36, 113 S. Ct. 1770, 1777-79, 123 L. Ed. 2d 508 (1993)). If the district court erred in imposing what remains of the restitution sum after the Government's confession of error, the error was not "plain": neither this court nor the Supreme Court has addressed whether Blakely and Booker apply to restitution orders under the MVRA, and other circuits are, at best (from appellant's point of view), split as to whether they do.[1] See United States v. Aguillard, 217

---

[1] Recently, in United States v. Rana, No. 04-50791, 2005 WL 984220 (5th Cir. Apr. 28, 2005), the Fifth Circuit "vacate[d] and remand[ed] . . . for resentencing, because the district court and not the jury determined the amount of restitution and loss, which was then used to calculate [the defendant's] sentence." Id. at *2. It is thus unclear from this unpublished opinion whether the court believed that a remand was necessary simply because the district judge determined the amount of restitution/loss, or rather only because that amount was then used to calculate the defendant's sentence.

Every circuit that has addressed this issue directly has held that Blakely and Booker do not apply to restitution orders. See United States v. George, 403 F.3d 470, 473 (7th Cir. 2005) ("George's contention that Booker requires juries rather than judges to assess restitution is misguided. There is no 'statutory maximum' for restitution; indeed, it is not a criminal punishment but instead is a civil remedy administered for convenience by courts that have entered criminal convictions." (citations omitted)); United States v. Gordon, 393 F.3d 1044, 1051 n.2 (9th Cir. 2004) (concluding that a Blakely challenge to a restitution order under the MVRA was "foreclosed by our recent decision in United States v. DeGeorge, 380 F.3d 1203 (9th Cir.2004), where we held that a 'restitution order made by the district court pursuant to the Victim and Witness Protection Act [("VWPA")],18 U.S.C. § 3663, is unaffected by Blakely'"); United States v. Wooten, 377 F.3d 1134, 1144-45 & n.1 (10th Cir. 2004) (holding that Apprendi and Blakely do not apply to restitution orders under the MVRA); see also United States v. Syme, 276 F.3d 131, 159 (3d Cir. 2002) ("The Apprendi rule . . . does not apply to restitution orders

3

F.3d 1319, 1321 (11th Cir. 2000) ("[W]here neither the Supreme Court nor this Court has ever resolved an issue, and other circuits are split on it, there can be no plain error in regard to that issue.").  Accordingly, appellant cannot pass the plain-error test with respect to the remainder of the restitution order.

Given the foregoing, we vacate the restitution order to the extent of $11,485.69, and we remand the case with the instruction that the court amend its order to provide for restitution in the sum of $9,498.35.

SO ORDERED.

---

made pursuant to [the VWPA] because Apprendi applies only to criminal penalties that increase a defendant's sentence 'beyond the prescribed statutory maximum.'" ).  But see United States v. McDaniel, 398 F.3d 540, 553 n.12 (6th Cir. 2005) ("Although courts have generally recognized that . . . Apprendi does not render the [MVRA] invalid under the Sixth Amendment, we note that there is some question as to whether Booker requires us to reconsider our analysis of criminal defendants' jury trial rights with respect to restitution orders." (citation omitted)).  We cite these cases, of course, not to endorse their reasoning or conclusions, but only to demonstrate that the district court's error, if any, was not plain.