**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-4238**

_____

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

TELLY SURVAR ARMSTRONG,

                              Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Richard L. Voorhees, District Judge. (CR-02-158)

_____

Submitted: October 19, 2005       Decided: November 15, 2005

_____

Before MICHAEL, TRAXLER, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Randolph Marshall Lee, LAW OFFICES OF RANDOLPH MARSHALL LEE, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Robert John Gleason, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Telly Survar Armstrong appeals his convictions and sentence imposed after he pled guilty to two counts of possessing, carrying and brandishing a firearm during and in relation to a crime of violence, and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 2, 924(c) (2000). On appeal, Armstrong's counsel filed an Anders[1] brief, stating there were no meritorious issues, but raising the issue of whether the district court denied Armstrong's motion to continue sentencing for the purpose of perhaps receiving a motion by the Government for a downward departure based upon substantial assistance. Armstrong was advised of his right to file a pro se supplemental brief, but did not respond. The Government elected not to file a separate brief. We affirm.

We review a district court's decision to deny a motion for a continuance at sentencing for abuse of discretion. United States v. Speed, 53 F.3d 643, 644 (4th Cir. 1995). "Because a district court has broad discretion in scheduling the sentencing proceeding, '[a]bsent a showing both that the denial was arbitrary and that it substantially impaired the defendant's opportunity to secure a fair sentence, we will not vacate a sentence because a continuance was denied.'" Speed, 53 F.3d at 644-45 (quoting United

---

[1]Anders v. California, 386 U.S. 738, 744 (1967).

States v. Booth, 996 F.2d 1395, 1397-98 (2d Cir. 1993) (internal quotation marks omitted)).

In Speed, the defendant sought a continuance because he was interviewed by law enforcement authorities and could be called to testify. According to the defendant, the likelihood the Government would file a motion for a downward departure would increase if he testified at a trial. However, we noted there was no abuse of discretion because the defendant could not state when the sentencing should be held or at what trials he may be called to testify. Likewise, Armstrong could not provide any specific information about the nature of his assistance except to say he was providing information about several murders. There was no indication charges were being brought against individuals as a result of Armstrong's information. In addition, the Government specifically stated Armstrong failed to provide substantial assistance. Accordingly, we find the court did not abuse its discretion.[2]

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Armstrong's convictions and sentence. This court requires

---

[2]We have reviewed other potential issues, including the lack of a competency hearing after receipt of the certificate of restoration of competency, see 18 U.S.C. § 4241(e) (2000), and the imposition of restitution despite no finding by a jury or an admission by the defendant, see United States v. King, 414 F.3d 1329, 1330 n.1 (11th Cir. 2005), and find no plain error.

- 3 -

counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED