**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4220

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SAMUEL BUSH WRIGHT,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Alexander Williams, Jr., District Judge. (CR-03-146)

Submitted:  March 20, 2006      Decided:  April 14, 2006

Before WILKINSON, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Michael E. Lawlor, Sicilia Chinn Englert, LAWLOR & ENGLERT, LLC, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Gina L. Simms, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Samuel Bush Wright was convicted after a jury trial of one count of conspiracy to steal firearms, in violation of 18 U.S.C. §§ 371, 922(u) (2000), one count of theft of firearms and aiding and abetting, in violation of 18 U.S.C. §§ 922(u), 2 (2000), one count of felon in possession of firearms and aiding and abetting, in violation of 18 U.S.C. §§ 922(g), 2 (2000), and one count of possession of stolen firearms and aiding and abetting, in violation of 18 U.S.C. §§ 922(j), 2 (2000). These crimes involved break-ins and attempted break-ins at several firearms dealers. In determining the sentencing range under the Sentencing Guidelines,[*] the probation officer concluded that Wright was subject to sentencing as an armed career criminal pursuant to USSG § 4B1.4(b)(3)(B), and recommended restitution in the amount of $24,440.31. This amount included $150 to The Gun Rack, which is not in dispute, $15,768.27 to Galyan's Sporting Goods in Gaithersburg, Maryland, and $8522.04 to Galyan's Sporting Goods in Fairfax, Virginia. Wright objected on several grounds to the amount of restitution. The district court held a hearing, rejected Wright's objections to restitution, and imposed a sentence of 188 months of imprisonment, five years of supervised release, a $400 special assessment, and restitution of $24,440.31.

---

[*]U.S. Sentencing Guidelines Manual (USSG) (2002).

Wright first argues that the district court exceeded the authority of the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A (2000), in determining the amount of restitution due to Galyan's Trading Company.  He asserts that the district court erred in using the retail value instead of the wholesale value of the stolen firearms, that the court erred in not deducting the value of three recovered firearms, that the Government failed to prove the retail value of the firearms, that the court erred in ordering payment of replacement costs for damaged property rather than its pre-damage value, and that the court erred in ordering payment of consequential damages.  The Government agrees that the costs of security personnel after the burglary of the Maryland Galyan's store are consequential damages that are not properly included in the restitution order.  We review a restitution order for abuse of discretion.  United States v. Hoyle, 33 F.3d 415, 420 (4th Cir. 1994).

We have held that "the MVRA requires that a court enter an order of full restitution when the loss is caused by a property offense, and the focus of the court in applying the MVRA must be on the losses to the victim caused by the offense."  United States v. Newsome, 322 F.3d 328, 341 (4th Cir. 2003).  Our review of the record leads us to conclude that the district court did not abuse its discretion in using the retail value of the stolen handguns as the measure of the value of the firearms for purposes of

restitution, and that the Government established the retail value by a preponderance of the evidence. Nor did the district court err in declining to reduce the restitution amount by the value of the three recovered handguns, and properly included the costs of repairs to damaged property in the restitution order.

Wright next argues that the district court erred in failing to consider his economic circumstances in determining the manner of payment of the restitution ordered. The district court ordered that Wright make monthly restitution payments of $150 beginning thirty days after he was released from confinement, but did not explicitly discuss Wright's financial condition or ability to pay. Wright did not object to the district court's failure to make the required findings at sentencing or to the schedule of payments ordered by the district court, and therefore his claim is reviewed for plain error. See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005) (discussing standard of review). Although the district court erred in failing to make the required findings linking the schedule of restitution payments to Wright's financial condition, we conclude that Wright has not demonstrated that the error affected his substantial rights. The MVRA requires that restitution be ordered in this case, which Wright does not dispute. Wright also does not suggest a different schedule of payments that would have resulted if the district court had articulated the

findings regarding his financial condition. <u>United States v. Bollin</u>, 264 F.3d 391, 420 (4th Cir. 2001).

Wright argues that the Armed Career Criminal Act (ACCA) is unconstitutional facially and as applied in his case because its application caused an increase in his sentence based upon facts not alleged in the indictment or submitted to the jury for findings beyond a reasonable doubt. Wright does not allege that he does not qualify for sentencing under the ACCA, but asserts only a legal argument against its application in his case. Wright's arguments are foreclosed by this court's precedent. <u>United States v. Cheek</u>, 415 F.3d 349, 352-53 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 640 (2005).

Wright also argues that the MVRA is unconstitutional facially and as applied in his case because its application caused an increase in his sentence based upon facts not alleged in the indictment or submitted to the jury for findings beyond a reasonable doubt. Wright does not assert that the MVRA does not apply in his case, but argues that the district court's restitution order was based on fact-finding that violated the Supreme Court's decision in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). Wright did not assert a Sixth Amendment objection at sentencing, and therefore this claim is reviewed for plain error. Wright argues that, since restitution is part of the punishment imposed for a crime, its imposition is governed by the principles announced in <u>Blakely</u>. The

circuit courts of appeals that have considered the applicability of <u>Blakely</u> and <u>United States v. Booker</u>, 543 U.S. 220 (2005), to the MVRA have uniformly concluded that these decisions do not apply to restitution under the MVRA. <u>United States v. Garza</u>, 429 F.3d 165, 169-70 (5th Cir. 2005) (collecting cases); <u>United States v. Visinaiz</u>, 428 F.3d 1300, 1316 (10th Cir. 2005); <u>United States v. King</u>, 414 F.3d 1329, 1330 n.1 (11th Cir. 2005) (collecting cases); <u>United States v. George</u>, 403 F.3d 470, 473 (7th Cir. 2005). We conclude that even if error occurred, such error is not plain in light of the predominant rulings that restitution under the MVRA is not affected by <u>Blakely</u> or <u>Booker</u>.

We therefore vacate the restitution order and remand for the district court to recompute the amount of restitution without the security guard charges. We affirm all other aspects of Wright's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,<br><u>VACATED IN PART, AND REMANDED</u>