[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15 2007
THOMAS K. KAHN
CLERK

_____

No. 05-16818
Non-Argument Calendar
_____

D. C. Docket No. 04-20261-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMAND A. DEANGELIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 15, 2007)**

Before BARKETT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Armand DeAngelis appeals his combined sentence of 97 months'

incarceration and restitution in the amount of $1,296,701.50, imposed after he pled guilty to one count of mail fraud and one count of conspiracy to commit mail fraud. DeAngelis's fraud consisted of misrepresenting to investors the quality of the rare gold coins that he convinced them to purchase at inflated prices from him through three corporations which he and his wife controlled.

On appeal, DeAngelis argues that the district court: (1) erred by imposing a two-level enhancement for his leadership role in the offense, (2) erred by granting the government's motion for a downward departure without reducing his sentence below the Guideline range, (3) violated his constitutional rights to due process and to confront witnesses by not allowing him to cross-examine victims giving impact testimony, (4) erred by granting him an upward departure for creating a substantial risk of non-monetary harm, and (5) had no jurisdiction to impose an order of restitution.

In its response brief, the government argues that the plea agreement in this case contained a sentencing appeal waiver that precludes DeAngelis from challenging any issue other than the upward departure. Because each of his claims can be denied on their merits, we need not consider the scope of the appeal waiver in the plea agreement.

## I. Standards of Review

We review the district court's factual findings regarding a defendant's role in the offense for clear error. United States v. Gupta, 463 F.3d 1182, 1197 (11th Cir. 2006), petition for cert. filed, (U.S. Apr. 16, 2007) (No. 06-1388). Generally, we do not review the extent of a downward departure for substantial assistance, however, we will review de novo a challenge to a ruling on a substantial assistance motion on the ground that the court misapplied U.S.S.G. § 5K1.1. United States v. Luiz, 102 F.3d 466, 468 (11th Cir. 1996). We review the scope of a defendant's constitutional rights de novo when the issue is preserved in the district court. United States v. Cantellano, 430 F.3d 1142, 1144 (11th Cir. 2005), cert. denied, 126 S.Ct. 1604 (2006). We review the district court's application of the Guidelines to the facts de novo and the court's factual findings for clear error. United States v. Simmons, 368 F.3d 1335, 1338 (11th Cir. 2004). An objection to a restitution order raised for the first time on appeal is reviewed for plain error. Cani v. United States, 331 F.3d 1210, 1212 (11th Cir. 2003).

## II. Role Enhancement

DeAngelis argues that because he was the only participant, the district court clearly erred by imposing a two-level enhancement for a leadership role in the offense. He contends that he cannot receive a leadership enhancement because the

only other participants in the scheme were alter-ego corporations over which he held exclusive control.

The Sentencing Guidelines provide for an offense level enhancement of two levels if the defendant was an organizer, leader, manager, or supervisor of one or more other participants in any criminal activity. U.S.S.G. § 3B1.1(c) and comment. (n.2). A participant "is a person who is criminally responsible for the commission of the offense, but need not have been convicted," however, "[a] person who is not criminally responsible for the commission of the offense . . . is not a participant." U.S.S.G. § 3B1.1, comment. (n.1).

Upon review of the record, there is no reversible error in the finding that DeAngelis served a leadership role in the offense. DeAngelis's version of the facts does not comport with the facts before the court. See United States v. Smith, 480 F.3d 1277, 1281 (11th Cir. 2007) (holding that where a defendant does not object to facts contained in the government's proffer during a plea colloquy or statements in a presentence investigation report ("PSI"), those facts are deemed to have been admissions of fact by the defendant). DeAngelis pled guilty to conspiring with three corporations, one of which, according to the final version of the PSI, was headed by his wife. Additionally, during the plea colloquy, the government explained that it would prove that DeAngelis instructed an individual on how he

4

wanted the coins fraudulently graded. These uncontested statements implicating others as un-charged, but criminally responsible participants in the offense, provided a sufficient basis for the district court to apply an enhancement for DeAngelis's leadership role in the offense.

### III. Downward Departure

DeAngelis argues that even though the district court "purportedly" granted the government's motion for a downward departure, the district court erroneously failed to give DeAngelis proper credit for his assistance to the government because the sentence imposed was in excess of the Guideline range.

The Sentencing Guidelines provide that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the district court may depart from the guidelines." U.S.S.G. § 5K1.1. To arrive at the appropriate reduction, the court may consider, amongst other factors related to the defendant's substantial assistance, "the significance and usefulness of the defendant's assistance," "the truthfulness, completeness, and reliability of any information or testimony provided by the defendant," "the nature and extent of the defendant's assistance," "any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance," and "the timeliness of the defendant's

assistance." Luiz, 102 F.3d at 469; U.S.S.G. § 5K1.1(a)(1-5).

DeAngelis does not contest that the court misapplied the guideline provision by considering factors unrelated to his substantial assistance. Instead he argues that the court's decision to grant the government's motion for a downward departure was ineffective because it did not result in a sentence below the Guideline range. We may not consider such an argument regarding the extent of the downward departure.

### IV.  Confrontation Clause and Due Process

DeAngelis argues that the district court violated his rights under the Confrontation Clause of the Sixth Amendment and the Due Process Clause of the Fifth Amendment when it considered unsworn statements made by alleged victims without allowing him the opportunity to cross-examine.

The Sixth Amendment protects the right of the accused "to be confronted with the witnesses against him" "[i]n all criminal prosecutions." U.S. Const. amend. VI. The right to confront witnesses, however, does not extend to all aspects of criminal law and we have held that "[t]he right to confrontation is not a sentencing right." Cantellano, 430 F.3d at 1146. In Cantellano, we approved the district court's use of hearsay and documentary evidence at a sentencing hearing to prove a defendant's prior convictions. Id.

6

DeAngelis does not offer any compelling reason why victim impact testimony should be exempted from the general rule that the defendant has no right to confront witnesses at sentencing. In fact, he acknowledges that he has no such right. Thus, there is no merit to DeAngelis's argument that the district court violated the Confrontation Clause by not permitting him to cross-examine the victims of his crimes at sentencing. To the extent that DeAngelis argues that he was denied due process because the victim impact statements were unreliable without cross-examination, that argument is connected to his lack of confrontation argument and is equally without merit.

DeAngelis's due process rights are guaranteed by the Fifth Amendment, which provides that "[n]o person shall . . . be deprived of life, liberty, or property without due process of law." U.S. Const. amend. V. During a sentencing proceeding, due process allows a court to consider any information, even if it would not be admissible under the evidentiary rules, "provided that the evidence has sufficient indicia of reliability, the court makes explicit findings of fact as to credibility, and the defendant has an opportunity to rebut the evidence." United States v. Baker, 432 F.3d 1189, 1253 (11th Cir. 2005), cert. denied, 126 S.Ct. 1809 (2006).

DeAngelis does not challenge the underlying basis for the court's

7

determination that the statements were sufficiently reliable. To the extent that he argues that the court did not make a reliability determination at all, that allegation does not appear to have a basis in the record. The record contains letters from many of the victims and the court heard victim impact testimonials during two presentence hearings. The record also contains memorandums and documents DeAngelis filed in response to the victims' statements. The court expressed that it found the victims' statements reliable and noted that DeAngelis responded to the statements. The district court explained that it found the victims credible because the victims provided a common description of DeAngelis' modus operandi, and the statements were consistent with documents submitted by DeAngelis, the civil pleadings in a related case, and the conduct admitted by DeAngelis in the plea colloquy. Thus, the court did not infringe upon his right to due process because DeAngelis had a chance to respond to the statements, the court found "sufficient indicia of reliability," and made explicit findings regarding credibility.

## V. Upward Departure

DeAngelis argues that it was inappropriate for the district court to depart upward from the Guideline range, based on a finding that his conduct "caused or risked substantial non-monetary harm," such as "psychological harm or severe emotional trauma," absent evidence that the victims needed psychological

8

treatment or suffered from anguish that exceeded the "embarrassment and distrust [that] was no different than that experienced by any other heartland fraud victims."

We have held that "[t]he Supreme Court and this Court have long recognized that it is not necessary to decide guidelines issues or remand cases for new sentence proceedings where the guidelines error, if any, did not affect the sentence." United States v. Williams, 431 F.3d 767, 775 (11th Cir. 2005). In a situation where the district court would have imposed the same sentence, any potential error does not affect the sentence. United States v. Kendrick, 22 F.3d 1066, 1068 (11th Cir. 1994). We find that to be the case here.

The district court granted DeAngelis an upward departure premised upon findings that: (1) his "conduct was unusually heinous, cruel, brutal or degrading to the victim," pursuant to U.S.S.G. § 5K2.8, and (2) the offense level "substantially understates the seriousness of the offense," because his conduct "caused or risked substantial non-monetary harm," such as "psychological harm, or severe emotional trauma," "created a risk of substantial loss" beyond that calculated as the amount of loss, and "endangered the solvency or financial security of one or more victims," pursuant to U.S.S.G. § 2B1.1 comment. (n.15(A)(ii, iv, v). The court based its decision "on each of these factors individually and in combination." On appeal, DeAngelis argues that the court erred in regard to finding psychological

9

harm or emotional trauma, but he does not contest the court's findings regarding any of the other grounds for an upward departure. He thereby abandons any arguments regarding the other grounds for the upward departure. See United States v. Bordon, 421 F.3d 1202, 1206 n.1 (11th Cir. 2005) (noting that issues not raised in the briefs are abandoned). Thus, even if the court improperly determined that DeAngelis "caused or risked . . . psychological harm, or severe emotional trauma," which we do not determine, we still affirm the upward departure because the district court made clear that the other factors on which it based the upward departure were present in such a degree to independently support a departure.

## VI. Restitution

DeAngelis argues that the restitution order imposed upon him by the district court is invalid because it was issued in violation of the limitation period of 90 days in 18 U.S.C. § 3664. The chronology is undisputed – the court orally pronounced a sentence for DeAngelis on November 18, 2005, held a hearing during which an oral restitution order was made on January 18, 2006, and entered a final judgment on March 16. Thus, the 90-day limitation period ended between the date that the court orally stated the amount of restitution due and the date that it entered a final judgment memorializing that same amount.

Under the plain error standard of review, we may exercise discretion to

10

correct an error that is plain and affects substantial rights, if the error "serious affects the fairness, integrity, or public reputation of judicial proceedings." United States v. King, 414 F.3d 1329, 1330 (11th Cir. 2005).

In instances in which "the victim's losses are not ascertainable" prior to sentencing, upon notice from either the prosecuting attorney or the probation office, "the court shall set a date for the final determination of victim's losses, not to exceed 90 days after sentencing." 18 U.S.C. § 3664(d)(5). "'Sentencing' means the oral announcement of the sentence." Fed.R.Crim.P. 35(c). We have held that a judgment of conviction becomes final by operation of law after 90 days and any order of restitution imposed after that date is unenforceable. United States v. Kapelushnik, 306 F.3d 1090, 1093-94 (11th Cir. 2002).

We need not decide whether the limitation period concludes when the court orally announces a restitution order, or if it does not end until a restitution order is entered on the docket because, in any event, DeAngelis is unable to prove that his substantial rights were affected.

Courts are required to impose restitution on defendants convicted of "any offense in which an identifiable victim or victims has suffered a . . . pecuniary loss." 18 U.S.C. § 3663A(a)(1) and (c)(1)(B). In compliance with that statutory mandate, the district court orally set the terms of restitution at a hearing before the

limitation period elapsed.  Thus, DeAngelis's substantial rights were not affected by the court's subsequent delay in entering on the docket a final judgment with the same restitution amount.

For the reasons stated herein, DeAngelis's combined sentence is,

**AFFIRMED.**