J-S50033-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
             Appellee   :
  :
         v.   :
  :
KEITH ROBERT SMITH,   :
  :
            Appellant   :   No. 3249 EDA 2019

Appeal from the PCRA Order Entered October 2, 2019
in the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0002332-2016

BEFORE:    BENDER, P.J.E., SHOGAN, J. and STRASSBURGER, J.*

MEMORANDUM BY BENDER, P.J.E.:         **FILED APRIL 20, 2021**

Keith Robert Smith (Appellant) appeals from the October 2, 2019 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Upon review, we affirm.

Briefly, on May 2, 2016, Appellant was in the home he shared with his girlfriend, Wesley Webb, and three minor children.[1] On that night, the children were upstairs while Appellant and Webb were downstairs arguing. Webb began to audio-record the argument, at which time Appellant shot her in the chest with a shotgun, killing her. Appellant "reloaded the shotgun, pointed it towards his own head at an upward angle, and fired it without having complete control over where the rifle would fire." Notice of Intent to

---

[1] Appellant was the father of one of the children; Webb was the mother of the other two.

*Retired Senior Judge assigned to the Superior Court.

Dismiss, 7/12/2019, at 3 n.1. Appellant shot himself partially in the face, and "ammunition pellets discharged into the ceiling of the residence." *Id.* The children found Appellant and Webb downstairs and called 911. Webb was non-responsive. Appellant eventually regained consciousness and apologized to the children for killing Webb. The audio-recording from Webb's phone captured the shooting through the arrival of emergency personnel into the home. As a result of the foregoing, Appellant was charged with first-degree murder, third-degree murder, criminal homicide, possessing an instrument of crime (PIC), and three counts each of endangering the welfare of children (EWOC) and recklessly endangering another person (REAP).

On January 5, 2018, three days before the scheduled jury trial start date, Appellant entered a negotiated guilty plea to one count each of third-degree murder and PIC, and two counts each of EWOC and REAP.[2] Although the plea agreement included a negotiated sentence, the trial court delayed the imposition of the agreed-upon sentence in order to allow Webb's family time to draft victim-impact statements and appear at the sentencing proceeding. Thus, as part of the negotiated plea agreement, Appellant agreed not to file a motion to withdraw his plea prior to sentencing. On February 20, 2018, Appellant was sentenced to the agreed-upon aggregate term of incarceration of 28 to 56 years, followed by one year of probation,

_____

[2] Appellant was represented by Michael P. Quinn, Esq., from pre-trial through his sentencing proceeding. John J. Flannery, Jr., Esq., entered his appearance as co-counsel in December 2017.

and was ordered to pay restitution. Appellant did not file a post-sentence motion or direct appeal.

On March 19, 2019, Appellant, represented by new counsel, timely filed the instant PCRA petition. In the petition, Appellant raised the following claims of ineffective assistance of counsel: (1) Attorney Quinn unlawfully induced Appellant to plead guilty to the agreed-upon sentence because he advised that Appellant "would only serve 14 years [of] incarceration" before Attorney Quinn's friend, "the Lieutenant Governor[,] would pardon him"; (2) Attorney Flannery unlawfully induced Appellant to plead guilty by threatening to withdraw if Appellant did not plead guilty, which would leave Appellant "stuck" with Attorney Quinn as trial counsel; (3) Attorneys Quinn and Flannery unlawfully induced Appellant to plead guilty by "failing to advise [Appellant] of defenses of arguable merit";[3] and (4) Attorneys Quinn and Flannery "failed to file a motion to withdraw [Appellant's] guilty plea, prior to sentencing, despite [Appellant's] instructions to do so." PCRA Petition, 3/19/2019, at ¶ 4(a)-(d).

On July 12, 2019, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. On August 26, 2019, Appellant responded by filing an amended petition to

---

[3] Appellant does not challenge the PCRA court's dismissal of this PCRA claim on appeal.

include witness verifications he had failed to include in his initial petition.[4] On October 2, 2019, the PCRA court dismissed Appellant's petition.

This timely-filed notice of appeal followed. On November 13, 2019, the PCRA court ordered Appellant to file of record, and serve upon the PCRA court, a concise statement pursuant to Pa.R.A.P. 1925(b) within 21 days of the entry of the order. The order contained a warning that any issue not timely filed and served pursuant to Pa.R.A.P. 1925(b) "shall be deemed waived." PCRA Court Order, 11/13/2019. On November 24, 2019, Appellant timely filed a concise statement, but failed to serve it on the PCRA court. The PCRA court "learned of [Appellant's s]tatement only after being alerted to its filing by the Clerk of Court's Office." PCRA Court Order, 2/21/2020, at 1. In lieu of a Rule 1925(a) opinion, the PCRA court issued an order asking us to find all issues waived due to Appellant's non-compliance with the service requirements of Rule 1925(b). Alternatively, the PCRA court referred us to its July 12, 2019 and October 2, 2019 orders for the reasons relied on in dismissing Appellant's PCRA petition. *See* PCRA Court Order, 2/21/2020.

Before we reach the merits of the issue Appellant raises on appeal, we must first determine whether he has waived it by failing to serve his concise statement on the PCRA court.

---

[4] Amended petitions may only be filed with leave of court. However, because the PCRA court stated in its order dismissing Appellant's petition that it had reviewed Appellant's submission, we conclude that the PCRA court implicitly granted leave to amend. *See Commonwealth v. Brown*, 141 A.3d 491, 504 n.12 (Pa. Super. 2016) (citations omitted).

Preliminarily, we observe that Rule 1925 was amended and became effective shortly before the PCRA court ordered Appellant to file a concise statement. As amended, Rule 1925(b)(1) requires that, when the PCRA court orders an appellant to file a concise statement, "the appellant shall file of record the [s]tatement and concurrently shall serve the judge." Pa.R.A.P. 1925(b)(1). Within the order, the court "shall specify[, *inter alia*,] that the Statement shall be served on the judge pursuant to paragraph (b)(1) and both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement[,]" and "that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived." Pa.R.A.P. 1925(b)(3)(iii), (iv).

In **Commonwealth v. Schofield**, 888 A.2d 771 (Pa. 2005), our Supreme Court reasserted its holding "that failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised." **Id.** at 774. In so holding, our Supreme Court expressly required "strict compliance with Pa.R.A.P. 1925(b)" because it guarantees the lower court's "ability to focus on the issues raised by the appellant, and thereby, allows for meaningful and effective appellate review. Moreover, a bright-line rule eliminates the potential for [] inconsistent results[.]" **Id.** Likewise, this Court has held that "strict application of the bright-line rule [] necessitates strict interpretation of the rules regarding notice of Rule

1925(b) orders." ***Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 226 (Pa. Super. 2014) (*en banc*) (quoting ***In re L.M.,*** 923 A.2d 505, 509-10 (Pa. Super. 2007)) (emphasis omitted).

Instantly, Appellant received notice of the PCRA court's order directing him to file a concise statement, and Appellant filed the concise statement as ordered. However, he failed to serve the concise statement on the PCRA court as ordered. This Court addressed the application of the bright-line rule as it pertains to the service requirements of Rule 1925(b) in ***Commonwealth v. Eldred***, 207 A.3d 404 (Pa. Super. 2019), concluding as follows:

> Non-compliance with Rule 1925(b)(1), including lack of service, shall result in automatic waiver of all appellate issues. ***See Schofield***, 888 A.2d at 774. Rule 1925(c) permits us to remand an appeal in a criminal case if counsel failed to satisfy the filing requirements of Rule 1925(b)(1). Here, however, remand would be inappropriate because there is no procedural mechanism to correct the defective **service** of a concise statement. ***See*** Pa.R.A.P. 1925(c) (allowing remand to correct a filing defect only).

***Id.*** at 407 (citation format altered; emphasis in original).

Here, the PCRA court's order provided the following, in pertinent part.

> [Appellant] is hereby ORDERED to file of record and serve upon the undersigned, a concise statement ("Statement") of the errors complained of on appeal in the above captioned matter. The Statement must be filed of record. The Statement must be served upon the undersigned pursuant to Pa.R.A.P. [] 1925(b)(1). The Statement must be filed and served no later than twenty-one (21) days from the date of the entry on the docket of this Order. Any issue not properly included in the Statement timely filed and served pursuant to Pa.R.A.P. [] 1925(b) shall be deemed waived. Attention is directed to

Pa.R.A.P. 1925(b)(4) which sets forth requirements for the Statement.

PCRA Court Order, 11/13/2019.

Thus, the PCRA court's order expressly required service on the PCRA court, which Appellant failed to do. Therefore, under *Eldred* and *Schofield*, ordinarily Appellant's non-compliance would be fatal to his appeal. Nonetheless, we note that the PCRA court did not comply with amended Rule 1925(b)(3)(iii)'s requirement that the order include "the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement." Because *Eldred* applied the prior version of Rule 1925, which did not include this mandate, it did not consider whether failure to include that specification in the order precludes waiver. Thus, we must determine whether the PCRA court's failure to include this specification precludes a finding of waiver for Appellant's non-compliance.

In *Berg v. Nationwide Mutual Ins. Co.*, 6 A.3d 1002 (Pa. 2010) (plurality),

> our Supreme Court "consider[ed] whether an appellant's failure to personally serve on a trial judge a court-ordered [1925(b) statement], in accordance with Pa.R.A.P. 1925, results in waiver of all issues, where the court's order itself does not comply with Rule 1925." *Berg*, 6 A.3d at 1003.

> ***

> A plurality of our Pennsylvania Supreme Court held that, in contravention of Rule 1925(b)(3), "the express language of [the 1925(b)] order **did not** instruct [the a]ppellants to **serve** a copy of their 1925(b) Statement on the trial judge; rather, it directed [them] to **file** copies ... with the court and with the trial

- 7 -

judge." *Id.* at 1004 n.4, 1008. Accordingly, it concluded, the appellants substantially complied with the court's order "by attempting to provide the prothonotary with two time-stamped copies of [their] 1925(b) statement, with one to be served on the trial judge." *Id.*

*In re Estate of Boyle*, 77 A.3d 674, 678 (Pa. Super. 2013) (footnotes omitted).

Here, Appellant was on notice that he must serve a copy of the concise statement on the PCRA court or risk waiver. In contrast to *Berg*, it cannot be said that Appellant "substantially complied with the court's order" where he did not attempt to serve the PCRA court. *Id.* No published cases have yet considered whether the failure to include the newly-enacted specifications of place and address for service precludes a finding of waiver. Nevertheless, another panel of this Court, in an unpublished memorandum,[5] declined to find waiver when considering a nearly identical concise statement order to the one herein:

> [T]he PCRA court's December 20, 2019 order failed to specify both the place and address where [the] appellant could serve his Rule 1925(b) statement on the PCRA judge in person, as required by Pa.R.A.P. 1925(b)(3)(iii). As the PCRA court's Rule 1925(b) order failed to comply with Pa.R.A.P. 1925(b)(3)(iii), we decline to find waiver. *See Commonwealth v. Jones*, 193 A.3d 957, 961 (Pa. Super. 2018) (declining to find waiver where Rule 1925(b) order is deficient).

---

[5]  *See* Pa.R.A.P. 126(b) (directing that unpublished, non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for persuasive value).

*Commonwealth v. Chapman*, No. 175 & 176 EDA 2020, unpublished memorandum at *3 (Pa. Super. filed Dec. 23, 2020). In the interest of consistency, we decline to find waiver.

We now turn to the issue Appellant raises on appeal: "Did the [PCRA] court err in dismissing [Appellant's PCRA] petition, without a hearing, where [Appellant] raised material issues of fact alleging ineffective assistance of counsel[,]" based on Attorney Quinn's advice about parole, Attorney Flannery's threat to withdraw, and Attorney Quinn's and Attorney Flannery's failures to file a pre-sentence motion to withdraw Appellant's plea as requested. Appellant's Brief at 4 (capitalization altered).

We consider Appellant's claim, mindful that "[o]ur standard of review of a [PCRA] court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Pier*, 182 A.3d 476, 478 (Pa. Super. 2018) (citation and quotation marks omitted). "It is well-settled that [t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Allison*, 235 A.3d 359, 364 (Pa. Super. 2020) (citation and quotation marks omitted).

> This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. We give no such deference, however, to the court's legal conclusions.

> The law presumes counsel has rendered effective assistance. An evaluation of counsel's performance is highly deferential, and the reasonableness of counsel's decisions cannot be based upon the distorting effects of hindsight. When asserting a claim of ineffective assistance of counsel, Appellant is required to make the following showing: (1) that the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail.

\*\*\*

> Ineffective assistance of counsel claims arising from the plea-bargaining process are eligible for PCRA review. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1012-13 (Pa. Super. 2016) (citations and quotation marks omitted).

We also observe that a PCRA petitioner will be eligible to withdraw his plea if he/she establishes that (1) ineffective assistance of counsel caused the petitioner to enter an involuntary guilty plea; or (2) the guilty plea was unlawfully induced and the petitioner is innocent. 42 Pa.C.S. § 9543(a)(2)(ii), (iii); *Commonwealth v. Kersteter*, 877 A.2d 466, 467 (Pa. Super. 2005). Finally, "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath[,] and he may not later

- 10 -

assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." **Pier**, 182 A.3d at 480 (citation and quotation marks omitted).

Appellant's issue is divided into three arguments, concerning the PCRA court's dismissal of three of his PCRA issues. We address the denial of Appellant's first two PCRA claims together. Therein, Appellant contends that Attorney Quinn unlawfully induced him to plead guilty on the grounds that Appellant would be pardoned after 14 years, and that Attorney Flannery compelled him to enter his plea by threatening to withdraw if Appellant did not. In finding these claims to be without arguable merit, the PCRA court noted that Appellant completed a thorough written and oral plea colloquy. Additionally, the

> record confirms that [Appellant] admitted that he was able to work with his trial counsel, had sufficient time to discuss the case with counsel, was satisfied with the representation of counsel, and that the decision to plead guilty was [Appellant's] and not that of counsel. [Appellant] further acknowledged that no one promised him anything or threatened him in any way to get him to plead guilty. Based upon [Appellant's] representation to the [trial c]ourt, he may not now assert grounds for withdrawing his guilty plea that contradict his sworn statements made when he pled guilty.

Notice of Intent to Dismiss, 7/12/2019, at 6 n.1 (citations omitted).

On appeal, Appellant argues that the PCRA court erred in concluding these claims contradicted statements made at his plea hearing. While acknowledging that he testified he received no promises in exchange for his guilty plea, Appellant argues on appeal that he did not interpret Attorney

Quinn's purported pardon statement as a promise, but as an explanation of "the nature of parole[.]" Appellant's Brief at 12. As to his second claim, while Appellant acknowledges that he testified he received no threats to force him to plead guilty, he argues Attorney "Flannery did not technically threaten [Appellant] to plead guilty, rather he threatened to withdraw and leave [Appellant] with ineffective counsel[,]" *i.e.*, Attorney Quinn, if he did not plead guilty. **Id.** at 15.

We are not persuaded by Appellant's semantics argument. Appellant completed, signed, and initialed a thorough written colloquy, which included the details of the agreed-upon sentence and the minimum and maximum times he was to serve. The trial court conducted a thorough oral colloquy before accepting the plea agreement. During Appellant's plea proceeding, the trial court clarified on the record that Appellant's aggregate sentence would be 28 to 56 years in prison, plus one year of probation. N.T., 1/5/2018, at 17. The Commonwealth and Attorney Flannery both agreed with the court's calculation. Following that pronouncement, Attorney Flannery assured the court that he believed Appellant was cognizant of what he was doing and entering the plea of his own free will, and Appellant affirmed that he did not have anything additional to say. **Id.** at 17-18.

Appellant relies on **Commonwealth v. Hickman**, 799 A.2d 136 (Pa. Super. 2002), in support of his claim that Attorney Quinn provided ineffective assistance. Appellant's Brief at 10-12. In **Hickman**,

plea counsel gave [Hickman] reason to believe he could be released from prison in two years and be eligible for parole six months later, when, in fact, [Hickman] was statutorily ineligible for release into the boot camp program and could not receive parole until he had served four years imprisonment. Thus[,] based on an ignorance of relevant sentencing law, counsel's advice was legally unsound and devoid of any reasonable basis designed to effectuate [Hickman's] interests.

799 A.2d at 141. Unlike in **Hickman**, Appellant does not contend that Attorney Quinn told him that he would be eligible for any early-release program to which he was statutorily ineligible. Rather, Appellant asserts that Attorney Quinn told him that the lieutenant governor was Attorney Quinn's "good friend and that he would pardon [Appellant] if he pled guilty." Brief in Support of PCRA Petition, 3/19/2019, at 4. Despite Appellant's alleged unfamiliarity with how sentencing generally works, his plea agreement, written colloquy, and oral colloquy unambiguously articulated that Appellant's sentence was a minimum of 28 years and a maximum of 56 years in prison, followed by one year of probation. He acknowledged his understanding of that sentence, and testified that he was not promised anything, such as an early pardon, in exchange for his plea. Because the underlying claim lacks merit and is belied by the record, the PCRA court's determination is supported by the record and it did not err in dismissing this claim without a hearing.

As to Appellant's contention that Attorney Flannery rendered ineffective assistance by threatening to withdraw, Appellant averred in his PCRA petition that Attorney Flannery "had no reasonable basis to threaten

[Appellant] with withdrawing, and it only served the purpose of inducing [Appellant] to plead guilty." Brief in Support of PCRA Petition, 3/19/2019, at 7. However, the record indicates that Attorney Flannery sought to withdraw based upon issues with Attorney Quinn, which he subsequently resolved, and Appellant acknowledged his understanding of that at the plea proceeding. N.T., 1/5/2018, at 3-4, 16. Specifically, at the beginning of Appellant's plea proceeding, Attorney Flannery's then-pending motion to withdraw as counsel was discussed as follows:

> [ATTORNEY] FLANNERY: I would withdraw that[ motion to withdraw as counsel], Judge. [Attorney] Quinn and I have been able to resolve our issue that we have.
>
> And I've spoken with my client. I met with him on several occasions, and he wishes me -- as I explained to him, I would stay in for negotiation purposes and what have you. He was fine with that. And he is fine with my being here today. And he is also fine with [Attorney] Quinn, who is tied up somewhere else, not being here.
>
> I've discussed this with him. I've also discussed it with his family as well. His mother is here present today in court. I've discussed it with both his mother and his father and my client[.]
>
> THE COURT: All right. [Appellant], did you hear what [Attorney] Flannery said?
>
> [APPELLANT]: Yes.
>
> THE COURT: Is all of that accurate?
>
> [APPELLANT]: Yes.
>
> THE COURT: Do you wish to proceed with [Attorney] Flannery with this negotiated plea agreement?
>
> [APPELLANT]: Yes.

N.T., 1/5/2018, at 3-4. Later in the proceeding, Appellant testified that he was satisfied with the representation of Attorney Quinn and with the representation of Attorney Flannery, and he did not receive any threats to force him to plead guilty. Because the underlying claim is without merit, the PCRA court's determinations are supported by the record and it did not err in dismissing this claim.

Finally, we address the PCRA court's dismissal of Appellant's PCRA claim that Attorneys Quinn and Flannery were ineffective for failing to file a pre-sentence motion to withdraw Appellant's plea. Preliminarily, the PCRA court concluded that Appellant had waived his right to withdraw his plea as part of the negotiated plea agreement. Notice of Intent to Dismiss, 7/12/2019, at 9 n.1. Appellant contends this was error based on **Commonwealth v. Pardo**, 35 A.3d 1222 (Pa. Super. 2011). Appellant's Brief at 19.

> In **Pardo**, the defendant agreed to plead guilty to various counts in exchange for other counts being dismissed. Before doing so, he executed a written provision waiving his right to withdraw his plea as long as the court accepted the plea agreement. There was no sentencing agreement. The trial court later denied his pre-sentence motion to withdraw his plea, citing, *inter alia,* the waiver provision. This Court opined on appeal:
>
> > The fact that Pardo signed a waiver indicating that he would not be permitted to withdraw his plea if the court accepted the plea agreement does not change our decision [to permit plea withdrawal] today. In fact, we find that such waiver provision, which prevents a defendant from the right to withdraw his plea prior to sentencing, flies in the face of the intent behind Rule 591, our Supreme

- 15 -

Court's decision in **Commonwealth v. Forbes**, 299 A.2d 268 (Pa. 1973)[,] and the line of cases emphasizing the liberal pre-sentence plea withdrawal standard.

**Pardo**, 35 A.3d at 1230.

We also stated:

> Today we hold that it is an abuse of discretion by the trial court to find that a defendant has waived his right to withdraw a guilty plea prior to sentencing where the defendant enters an open plea with regard to sentence, asserts his innocence, and there is no alleged prejudice to the Commonwealth if the plea were withdrawn. We further hold that the trial court may not curtail a defendant's ability to withdraw his guilty plea via a boilerplate statement of waiver in a written guilty plea colloquy.

**Id.** at 1224.

**Commonwealth v. Gordy**, 73 A.3d 620, 624-25 (Pa. Super. 2013) (citation format altered).

At Appellant's plea hearing, which occurred three days before the scheduled trial date, the following exchange occurred.

THE COURT: [B]ut for rulings on [pre-trial] motions, the Commonwealth is otherwise ready and able to proceed.

\*\*\*

Because, [Attorney] Flannery, there are agreed upon sentences in the negotiated plea colloquy. And if there was not some consequence to this plea, and what I mean by that is that if your client does not waive his right to withdraw this plea before sentencing, that this would really be nothing more than a self-granted continuance.

[ATTORNEY] FLANNERY: I understand that, Judge. And I think if you like, I can certainly colloquy him on that. I think I explained it to him.

- 16 -

I can tell you this, Your Honor, in speaking with my client[,] he has no desire [to] withdraw[] his plea. He wants to enter his plea today for a number of reasons, not the least of which is the fact that, as the [c]ourt is fully aware, you had scheduled a hearing on the children testifying and what have you, and he does not wish them to have to go through any of this. And that is one of the major impetuses.

Aside from the fact that he acknowledges what occurred, he does not want to put anyone's children, his own or [] Webb's children, through trial. And that's the main purpose, one of the main purposes of our plea today. So[,] I don't think he is going to withdraw that, Judge. I think he would be happy to do that.

Did you hear what I said?

[APPELLANT]: Yes. Yes, I'll waive that.

\*\*\*

THE COURT: We also discussed that since this matter is scheduled for trial next Monday, in three days, and we would rule on the pretrial motions that were scheduled for the 4th on that date and then immediately thereafter commence with jury selection and trial thereafter, you understand that the Commonwealth is ready to proceed on Monday?

[APPELLANT]: Yes.

THE COURT: Is that accurate, [Attorney] Gosfield?[6]

[ATTORNEY] GOSFIELD: That is accurate, your Honor.

THE COURT: And that the proposal to me is that I accept the guilty pleas but delay the imposition of sentence, so that the family of the victim can be here for that sentencing and participate in that sentencing proceeding; do you understand that?

---

[6] Attorney Gosfield represented the Commonwealth at Appellant's plea proceeding.

[APPELLANT]: Yes.

THE COURT: And there are certain legal criteria for withdrawing guilty pleas, either after sentencing and/or before sentencing, and that the only grounds upon which I will accept this -- and I assume this is what the Commonwealth's offer is as well, that they not be able to withdraw this?

[ATTORNEY] GOSFIELD: That is part of the terms as set forth in [] Count 2, which would be the first count to which he is pleading.

THE COURT: That if you were allowed to pursue withdrawal, since the Commonwealth is ready to proceed on Monday for trial, that this would, in essence, be nothing but a self-granted continuance of the trial, which I would not otherwise be willing to grant.

The Commonwealth is ready to proceed. And since victims have the right to participate, the only basis I would allow deferment of the imposition of sentence is that if you agree that you waive your ability to seek withdrawal of this guilty plea prior to the imposition of sentence.

Do you understand that?

[APPELLANT]: Yes.

THE COURT: I don't think that the agreement would be that he forfeits anything post[-]imposition of sentence, only that he not be allowed to withdraw it prior to sentencing.

[ATTORNEY] GOSFIELD: That's correct, your Honor.

[ATTORNEY] FLANNERY: I agree, Judge.

THE COURT: Okay.

You heard that stated by [Attorney] Flannery. You already agreed that was your wish. But I'm asking you specifically now on the record under oath, was that your understanding and do we have your agreement to that?

[APPELLANT]: Yeah. Yes.

THE COURT: Okay.

N.T., 1/5/2018, at 5-6, 11-13.

Unlike in **Pardo**, Appellant entered a negotiated guilty plea with an agreed-upon sentence; the sentencing hearing was separated from the plea proceeding only so Webb's family could appear; and Appellant did not waive his right to file a pre-sentence motion to withdraw his plea "via a boilerplate statement of waiver in a written guilty plea colloquy." **Gordy**, 73 A.3d at 625 (citation omitted). Based on the foregoing, we conclude that **Pardo** does not control, the trial court was not prohibited from conditioning its acceptance of the plea on Appellant's waiving his right to file a pre-sentence motion to withdraw his negotiated guilty plea, and the PCRA court did not abuse its discretion in determining that Appellant had waived his right to file a pre-sentence motion to withdraw his plea. Accordingly, the PCRA court did not err in concluding that plea counsel was not ineffective for failing to file such a motion.

Even if **Pardo** controlled and Appellant had not validly waived his right to file a pre-sentence motion to withdraw his plea, Appellant is not entitled to relief. Our Supreme Court clarified the standard of review for considering a trial court's decision regarding a defendant's pre-sentence motion to withdraw a guilty plea as follows:

> To be clear, when a trial court is faced with a pre[-]sentence motion to withdraw a guilty plea, the court's discretion is not unfettered. As this Court has often explained, "[t]he term

- 19 -

'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge." ***Commonwealth v. Widmer***, 744 A.2d 745, 753 (Pa. 2000) (citation omitted). Thus, a court's discretion in ruling on a pre[-]sentence motion to withdraw a guilty plea must be informed by the law, which, for example, requires courts to grant these motions liberally, ***Commonwealth v. Carrasquillo***, 115 A.3d 1284 (Pa. 2015), and to make credibility determinations that are supported by the record, ***see Commonwealth v. Myers***, 722 A.2d 649, 652 (Pa. 1998) (explaining that, "when appellate review involves the trial court's findings of fact and credibility determinations, those findings are binding on the reviewing court if they find support in the record"). Moreover, while an appellate court should not substitute its judgment for that of a trial court that ruled on a pre[-]sentence motion to withdraw a guilty plea, the appellate court is tasked with the important role of assessing the propriety of the trial court's exercise of its discretion. ***See Widmer***, 744 A.2d at 753 ("The propriety of the exercise of discretion in such an instance may be assessed by the appellate process when it is apparent that there was an abuse of that discretion.").

***Commonwealth v. Norton***, 201 A.3d 112, 121 (Pa. 2019) (citation format altered).

[W]hen a defendant files a pre[-]sentence motion to withdraw a guilty plea based upon a claim of innocence, the "innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." ***Carrasquillo***, 115 A.3d at 1292. Stated more broadly, "the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." ***Id.*** While the ***Carrasquillo*** Court acknowledged that the "policy of liberality remains extant," the Court explained that this policy "has its limits, consistent with the affordance of a degree of discretion to the common pleas courts." ***Id.***

Thus, the ***Carrasquillo*** Court clearly established that trial courts have the discretion to assess the plausibility of claims of innocence. Consistent with the well-established standards

governing trial court discretion, it is important that appellate courts honor trial courts' discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice.

*Id.* at 120-21 (some citations omitted).

On appeal, Appellant argues that Attorneys Quinn and Flannery failed to file a motion to withdraw his plea as requested, and the Commonwealth offered no reason it would be substantially prejudiced by the granting of a withdrawal of his plea prior to sentencing. *See* Appellant's Brief at 16-18. The PCRA court determined, however, that even if the waiver could not be enforced, a withdrawal would have resulted in substantial prejudice to the Commonwealth, and the sentencing would have taken place the same day, but for Webb's family wanting to address the court. Notice of Intent to Dismiss, 7/12/2019, at 9 n.1. Therefore, the PCRA court found counsel could not be ineffective for failing to file a meritless motion where Appellant offered no "fair and just reason for pre[-]sentence withdrawal of his guilty plea[,] and has not claimed that he is actually innocent of murder or the related offenses." *Id.* at 9-10 n.1 (citation omitted).

Upon review, the PCRA court's determinations are supported by the record and free of legal error. The Commonwealth was ready to proceed to trial when Appellant decided, three days beforehand, to accept the plea agreement. The sentencing hearing was bifurcated from the plea proceeding

only to allow Webb's family the opportunity to appear and be heard. It was within the PCRA court's discretion to determine that, as the trial court, it would not have accepted Appellant's pre-sentence motion to withdraw his plea, had counsel filed it.  Therefore, counsel could not be found ineffective for failing to file a meritless motion. Accordingly, the PCRA court did not err in dismissing this claim without a hearing.

Order affirmed.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/2021