2019 PA Super 105

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD MICHAEL ELDRED | : | |
| | : | |
| Appellant | : | No. 799 MDA 2018 |

Appeal from the Judgment of Sentence March 12, 2018
In the Court of Common Pleas of Clinton County Criminal Division at
No(s): CP-18-CR-0000108-2017

BEFORE:   OTT, J., NICHOLS, J., and PELLEGRINI*, J.

OPINION BY PELLEGRINI, J.:                   **FILED APRIL 02, 2019**

Richard Michael Eldred (Eldred) appeals from an order of the Court of Common Pleas of Clinton County (trial court) denying his motion to modify his sentence. After he pleaded guilty to several sex crimes against a minor victim, Eldred received an aggregate term of four to ten years, which fell within the applicable guidelines. He moved both to modify the sentence and to subject the victim to examination at the hearing on that motion. The trial court's denial of that relief is now the subject of our review. We affirm.

**I.**

When Eldred and the minor victim began their romantic relationship, he was 23 years old and she was 14. After a long period of physically and emotionally abusing the victim, Eldred pleaded guilty to Aggravated Indecent Assault; Photographing, Filming, Depicting on a Computer a Sex Act Involving a Minor; and Criminal Attempt-Statutory Sexual Assault. When imposing

_____
*   Retired Senior Judge assigned to the Superior Court.

sentence, the trial court considered the victim's impact statement that was included in the presentence investigation report.

Eldred timely filed a motion to modify his sentence asserting that the trial court should not have found the victim's impact statement to be credible. In her victim impact statement, she stated that she had been so emotionally affected by Eldred's crimes that she no longer had the ability to form romantic attachments.[1] Eldred claimed that after he was sentenced, he discovered that the victim was pregnant with her boyfriend's child when she made her statement. He asserted that this pregnancy was proof that the victim had exaggerated her emotional distress and that his sentence should be reduced accordingly. He issued a subpoena to the victim so that he could discredit her impact statement at the hearing on his motion.

The trial court denied the motion and quashed the subpoena. After Eldred filed a notice of appeal, the trial court ordered him to file a Concise Statement of the Matters Complained Of and to serve it on the trial judge and the official court reporter. The order was entered on May 16, 2018, and it specified that Eldred was required to file and serve the Statement within 21 days. *See* Pa.R.A.P. 1925(b)(1). The order included a warning that failure to

---

[1] Five months before the sentence, the victim stated that the impact of the offenses against here were: "I no longer like men"; "I push everyone away"; "I can't date"; "I can't love"; and "I can't try." Victim Impact Statement, 11/14/2017, at 3.

- 2 -

comply would result in a waiver of all appellate issues.[2]   Although the Statement was filed, it was not timely served on the trial judge.

The trial court filed an opinion pursuant to Rule 1925(a) noting that Eldred's claims were both frivolous and waived due to his non-compliance with the service requirements of Rule 1925(b)(1).  In his brief, Eldred asserts that the trial court erred in precluding him from calling the victim to testify at the modification hearing and in declining to modify his sentence.   Brief of Appellant, at 2.

## II.

Non-compliance with Rule 1925(b)(1), including lack of service, shall result in automatic waiver of all appellate issues.  ***See Commonwealth v. Schofield***, 888 A.2d 771, 774 (Pa. 2005) ("[F]ailure to comply with the

---

[2] The order reads in pertinent part as follows:

> **AND NOW**, THIS 16[TH] DAY OF MAY, 2018, pursuant to Rule 1925(b) . . . Appellant is directed to file of record in the Lower Court and to serve on the Trial Judge and the Official Court Reporter, pursuant to Paragraph (b)(1) of Rule 1925, the following, no later than twenty-one (21) days after the entry of this Order:  (a) A Concise Statement of the Matters Complained Of with respect to the appeal to the Super Court filed in this matter; and (b) A Statement identifying any transcript which may be necessary for Appellate purposes.
>
> Any issue not properly included in the Statement timely filed and served pursuant to Subdivision (b) shall be deemed waived.
>
> 

**BY THE COURT:**
/s/ [Trial Court Judge]

minimal requirements of Pa.R.A.P. 1925(b)(3) will result in automatic waiver of the issues raised.").  Rule 1925(c) permits us to remand an appeal in a criminal case if counsel failed to satisfy the filing requirements of Rule 1925(b)(1).  Here, however, remand would be inappropriate because there is no procedural mechanism to correct the defective *service* of a concise statement.  *See* Pa.R.A.P. 1925(c) (allowing remand to correct a filing defect only).  The lack of service of the Statement is fatal to this appeal.

## III.

Even if Eldred's claims were preserved for review, their lack of merit would preclude relief.  The crux of Eldred's argument is that the trial court erred in precluding the minor victim from taking the stand at his post-sentence modification hearing.  Eldred had planned to discredit the victim's impact statement by establishing that she made it while pregnant with her boyfriend's child.  According to Eldred, the victim's relationship and pregnancy were inconsistent with the earlier claim in the impact statement that she was no longer able to form romantic bonds with men.

Although the law is not entirely clear as to the precise scope of rights a defendant has to rebut an impact statement, there is no constitutional or evidentiary basis for relief under the circumstances of this case.  The purpose of a victim impact statement is to allow victims to inform the court, prior to sentencing, how a crime impacted their lives.  To that end, a victim may

> offer prior comment on the sentencing of a defendant or the disposition of a delinquent child, to include the submission of a

- 4 -

written and oral victim impact statement detailing the physical, psychological and economic effects of the crime on the victim and the victim's family. The written statement shall be included in any predisposition or presentence report submitted to the court. Victim-impact statements shall be considered by a court when determining the disposition of a juvenile or sentence of an adult.

***Commonwealth v. King***, 182 A.3d 449, 455 (Pa. 2018) (quoting 18 P.S. § 11.201(5)) (emphasis omitted). Eldred has conceded that there is no rule, case or statute that specifically contemplates that by submitting an impact statement, a victim is subject to questioning at a sentencing hearing.

This is not to say that a defendant has no right to dispute evidence at sentencing. It is well established that due process applies even if "the sentencing court is neither bound by the same rules of evidence nor criminal procedure as it is in a criminal trial." ***King***, 182 A.3d at 455; ***Commonwealth v. Downing***, 990 A.2d 788, 793 (Pa. Super. 2010). Since an impact statement "shall" be considered by a court, a defendant has a due process right to challenge such evidence or obtain relief when its admission was fundamentally unfair. ***See Payne v. Tennessee***, 501 U.S. 808, 825 (1991) ("In the event that [victim impact] evidence is introduced that is so unduly prejudicial that it renders the trial fundamentally unfair, the Due Process Clause of the Fourteenth Amendment provides a mechanism for relief.").[3]

---

[3] The standard of review for procedural due process claims is as follows:

A due process inquiry, in its most general form, entails an assessment as to whether the challenged proceeding or conduct

- 5 -

"During a sentencing proceeding, due process allows a court to consider any information, even if it would not be admissible under the evidentiary rules, 'provided that the evidence has sufficient indicia of reliability, the court makes explicit findings of fact as to credibility, and **the defendant has an opportunity to rebut the evidence**.'" *United States v. DeAngelis*, 243 F. App'x 471, 474 (11th Cir. 2007) (quoting *United States v. Baker*, 432 F.3d 1189, 1253 (11th Cir. 2005)) (emphasis added). In this state, due process does not include the ability to cross-examine adverse witnesses post-trial because the Sixth Amendment to the United States Constitution "does not apply in sentencing hearings." *Commonwealth v. Wantz*, 84 A.3d 324, 337 (Pa. Super. 2014) (quoting *United States v. Stone*, 432 F.3d 651, 654 (6th Cir. 2005)).[4]

---

offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental and that define[s] the community's sense of fair play and decency. While not capable of an exact definition, basic elements of procedural due process are adequate notice, the opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case.

*Commonwealth v. Wright*, 961 A.2d 119, 132 (Pa. 2008) (brackets in original; internal citations and quotation marks omitted).

[4] Other jurisdictions have held in similar situations that a defendant has no constitutional right to cross-examine the author of a victim impact statement. *See Crandall v. State*, 281 P.3d 1165 (Nev. 2009) (due process requires that author of victim impact statement must be subject to cross-examination if the statement refers to defendant's prior bad acts rather than just the facts of the charged crimes and their impact on the victim); *State v. Guerrero*,

Based on the above law, the question before us is whether the trial court afforded Eldred a chance to rebut the victim's impact statement and whether the statement's admission was fundamentally unfair.

Here, the trial court precluded the victim from testifying as if on cross-examination and prohibited any evidence regarding the victim's sexual conduct. However, Eldred was otherwise free to present evidence that the victim exaggerated her impact statement. In fact, the court allowed Eldred to elicit the testimony of his mother, who testified to Facebook posts by the victim regarding the due date of her pregnancy. Aside from claiming that the victim had a boyfriend and became pregnant at the time of her statement, Eldred made no further claims or proffers of evidence in his effort to undermine the victim's credibility.

It is significant that the sentencing court agreed to the Commonwealth's stipulation that the victim was pregnant on the date of the sentence modification hearing. The remaining fact which Eldred sought to establish at

---

940 P.2d 419 (Idaho Ct. App. 1997) (explaining that since the Sixth Amendment does not apply to sentencing hearings, it did not violate the defendant's right to confrontation when impact statements were entered without the author being subject to cross examination); *People v. Birmingham*, 217 Cal. App. 3d 180, 185 (Cal. Ct. App. 1990) (same); *People v. Wallace*, 524 N.E.2d 677 (Ill. App. Ct. 1988) (same); *but see State v. Asbury*, 701 P.2d 1189, 1194-95 (Ariz. Ct. App. 1984) (defendants have a due process right to cross-examine author of victim impact statement at an aggravation and mitigation hearing in order to bring out mitigating circumstances).

the modification hearing was that the victim was pregnant with her boyfriend's child at the time she wrote her impact statement. The trial court correctly reasoned that, even if true, those additional facts would have been irrelevant for the purposes of sentencing:

> All of the things that she advised the Court of how her life was affected by this crime, by this sex crime against a minor, does not necessarily mean that any of that was untrue because she's now pregnant. One doesn't equal the other.

Trial Transcript, 04/16/18, at 7.

In light of the leeway Eldred received and the dubious import of the evidence he sought to elicit, Eldred had sufficient opportunity to rebut the victim's impact statement, meaning that his due process rights were not violated.[5] *See Commonwealth v. Skibicki*, 586 A.2d 446 (Pa. Super. 1991) (finding no merit to claim court erred in refusing to allow victim to be cross-examined, especially "when the defendant is not ultimately precluded from

---

[5] As to the issue of whether Eldred received an excessive prison term, we agree with the Commonwealth that Eldred's brief does not contain a concise statement which raises a substantial question as to this discretionary aspect of the sentence as is mandated by Pennsylvania Rule of Appellate Procedure Rule 2119(f). To the extent Eldred raises this ground as an independent basis for relief, we would be precluded from considering the merits of that issue under both that rule and, as discussed above, Rule 1925(b)(1). *See Commonwealth v. Tielsch*, 934 A.2d 81, 93 (Pa. Super. 2007) (holding that vague, undeveloped claims are not preserved on appeal); *Commonwealth v. Kiesel*, 854 A.2d 530, 533 (Pa. Super. 2004) ("Because the Appellant failed to comply with Pa.R.A.P. 2119(f) and the Commonwealth objected to the omission, this Court may not review the merits of the claim, and we deny allowance of appeal.").

presenting the relevant testimony at some other point during the course of the trial."). The trial court afforded Eldred a chance to introduce evidence, call witnesses and present argument with respect to his sentencing and the victim impact statement. The prohibition on having the minor victim testify did not render the proceedings fundamentally unfair. Eldred had no constitutional confrontation right and the additional evidence he sought to elicit through the victim's testimony would have been immaterial.[6] Even if Eldred had preserved his present claim for review (which he did not), the denial of his motion to modify and the judgment of sentence would still be upheld.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/02/2019

---

[6] Eldred does not clarify whether he seeks relief on evidentiary or constitutional grounds, but even if preserved, his claim(s) would be denied on the merits under either respective standard of review. **See Wright**, 961 A.2d at 132 (outlining standard of review as to due process claims); **Whyte v. Robinson**, 617 A.2d 380, 383 (Pa. Super. 1992) ("Questions regarding the admissibility or exclusion of evidence are . . . subject to the abuse of discretion standard of review.").