J-A13044-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAWN J. HAMILTON | : | |
| | : | |
| Appellant | : | No. 1325 MDA 2022 |

Appeal from the PCRA Order Entered August 30, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000099-2013

BEFORE:   BOWES, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:   **FILED: JULY 26, 2023**

Appellant Shawn J. Hamilton appeals from the order of the Court of Common Pleas of Luzerne County dismissing his petition pursuant to the Post-Conviction Relief Act (PCRA).[1] After careful review, we affirm.

This Court summarized the procedural history of this case in a decision denying Appellant's first PCRA petition:

> On October 24, 2012, Appellant was charged at CP–40–CR–0003751–2012 (3751–2012) with three counts of criminal homicide, one count of criminal attempt homicide, and four counts of robbery for his involvement in an incident that occurred on July 7, 2012. On December 10, 2012, the Commonwealth filed notice of its intent to seek the death penalty against Appellant, and this case was consolidated with that of Appellant's brother and co-defendant, Sawud Davis.
>
> Subsequently, on December 13, 2012, Appellant was charged at CP-40–CR–0000099–2013 (99–2013) with one count

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

of criminal homicide in connection with a shooting that occurred on July 6, 2012.

***

On December 20, 2013, Appellant entered into a plea agreement with respect to both cases. Specifically, at 3751–2012, Appellant pled guilty to three counts of criminal homicide and one count of criminal attempt homicide and, at 99–2013, he pled guilty to one count of criminal homicide. In exchange, the Commonwealth agreed to withdraw the remaining charges at both criminal informations and indicated it would not seek the death penalty in either case. Appellant waived his right to a pre-sentence investigation and proceeded immediately to sentencing. [On December 20, 2013,] [t]he trial court imposed four consecutive life sentences at each criminal homicide count, and a consecutive term of twenty to forty years' imprisonment at the criminal attempt homicide charge.

*Commonwealth v. Hamilton*, 1072 MDA 2015, 2016 WL 2908260, at *1 (Pa.Super. May 17, 2016) (unpublished memorandum). Appellant did not file a direct appeal.

On April 24, 2014, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, who subsequently filed an amended petition. After an evidentiary hearing, the PCRA court denied Appellant's petition on May 18, 2015. After Appellant filed an appeal, his counsel filed a petition to withdraw and a *Turner-Finley* no-merit letter.[2] On May 17, 2016, this Court affirmed the denial of Appellant's first PCRA petition and permitted counsel to withdraw.

From the beginning of 2020, Appellant filed numerous documents with the Luzerne County Court of Common Pleas, including but not limited to PCRA

---

[2] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

- 2 -

petitions, requests for discovery, objections to the dismissals of his petitions, and notices of appeal. All such filings were dismissed.

On March 24, 2022, Appellant filed the PCRA petition, which the PCRA court characterized as his eighth petition. In this filing, Appellant alleged that his initial PCRA counsel was ineffective for failing to appeal the 2015 denial of his first petition. Appellant asked that his appellate rights be reinstated at docket number 99-2013.

The PCRA court indicates that it sent Appellant a notice of intent to dismiss this petition pursuant to Pa.R.Crim.P. 907 on August 1, 2022.[3] The PCRA court denied Appellant's petition as untimely filed on August 30, 2022.[4]

This timely appeal followed. On September 26, 2022, the PCRA court filed an order which provided in relevant part:

> IT IS HEREBY ORDERED AND DIRECTED that [Appellant] shall file of <u>record</u> a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) and serve a copy of same upon the Luzerne County District Attorney and this Court pursuant to Pa.R.A.P. 1925(b)(1). The Statement shall concisely identify each ruling or error [Appellant] intends to challenge with sufficient detail to identify all pertinent issues for the Judge. Service upon

---

[3] The docket does not reflect that a Rule 907 notice was filed. However, as Appellant has not challenged the lack of a Rule 907 notice, he has waived appellate review of this issue. **Commonwealth v. Taylor**, 65 A.3d 462, 468 (2013) (citing **Commonwealth v. Boyd**, 923 A.2d 513, 514 n. 1 (Pa.Super. 2007) (providing that "[t]he failure to challenge the absence of a Rule 907 notice constitutes waiver")).

[4] While this PCRA petition was pending, on August 10, 2022, Appellant filed a petition for leave to file a petition for allowance of appeal *nunc pro tunc* with the Pennsylvania Supreme Court, attempting to challenge this Court's May 17, 2016 decision. The Supreme Court denied Appellant's request on November 29, 2022.

this Court shall be made at the Luzerne County Courthouse, Third Floor, 200 North River Street, Wilkes-Barre, Pennsylvania 18711.

Any issue not properly included in this statement timely filed and served pursuant to 1925(b) shall be deemed waived.

The Statement shall be filed within twenty-one (21) days of the date of this order. …

Order, 9/26/22, at 1 (emphasis in original).

On October 7, 2022, Appellant filed a Rule 1925(b) statement along with a certificate of service indicating he served the District Attorney and the Clerk of Courts. In an opinion dated November 3, 2022, the PCRA court indicated that it had not been served with Appellant's 1925(b) statement. Thus, the PCRA court found that all of Appellant's arguments were waived on appeal.

We recognize that an appellant's "[n]on-compliance with Rule 1925(b)(1), including lack of service, shall result in automatic waiver of all appellate issues." **Commonwealth v. Eldred**, 207 A.3d 404, 407 (Pa.Super. 2019) (citing **Commonwealth v. Schofield**, 888 A.2d 771, 774 (Pa. 2005) ("[F]ailure to comply with the minimal requirements of Pa.R.A.P. 1925(b)(3) will result in automatic waiver of the issues raised")).

Our courts have consistently held that "in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925." **Commonwealth v. Castillo**, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005) (quoting **Commonwealth v. Lord**, 553 Pa. 415, 420, 719 A.2d 306, 309 (1999)). In **Forest Highlands Community Ass'n v. Hammer**, 879 A.2d 223, 229 (Pa.Super. 2005), this Court found that the appellant waived her issues on appeal by failing to serve the trial judge with her court-ordered Rule 1925(b) statement. This Court held that the service requirements in Rule 1925(b) are not satisfied when the appellant simply mails his 1925(b) to the presiding judge of the court or merely files the statement with the

- 4 -

prothonotary, emphasizing that it is not the trial court's responsibility to manually search the prothonotary's files. ***Id***.

***Rahn v. Consol. Rail Corp.***, 254 A.3d 738, 745–46 (Pa.Super. 2021).

In evaluating whether an appellant's noncompliance with Rule 1925 warrants the waiver of his issues on appeal, it is necessary to review the trial court's order which "triggers an appellant's obligation" to comply with Rule 1925. ***Id***. (quoting ***Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 225 (Pa.Super. 2014) (citations omitted)).

Rule 1925(b) sets forth specific requirements for a trial court's order requiring the filing of a concise statement:

> **(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.** If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
>
> (1) *Filing and service.* The appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record shall be as provided in Pa.R.A.P. 121(a) and, if mail is used, shall be complete on mailing if the appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa.R.A.P. 1112(c). Service on the judge shall be at the location specified in the order, and shall be either in person, by mail, or by any other means specified in the order. Service on the parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c).
>
> (2) *Time for filing and service.*
>
> (i) The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially

- 5 -

specified or permit an amended or supplemental Statement to be filed.

***

(3) *Contents of order.* The judge's order directing the filing and service of a Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1) and both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the Statement on the judge; and

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b)(3) (emphasis added).

In this case, the trial court's order directs Appellant to "serve a copy of same upon the Luzerne County District Attorney and *this Court* pursuant to Pa.R.A.P. 1925(b)(1)." Order, 9/26/22, at 1 (emphasis added). The order provides the address at which Appellant was to serve the trial judge, requires Appellant to file and serve his concise statement of record within twenty-one days of the entry of its order, and indicates that any issues not properly included in the statement timely filed and served will be waived.

In **Rahn** and **Commonwealth v. Jones**, 193 A.3d 957, 962 (Pa.Super. 2018), this Court held that an order specifying that an appellant was required to "file and serve the statement of record *with the court*" was ambiguous as it did not distinguish between the Court of Common Pleas and the judge

presiding over the matter. In this case, Appellant mistakenly served the Clerk of Courts at the address provided in the order for service of the trial judge.

However, the order specified that Appellant was to serve the statement on the trial court pursuant to Pa.R.A.P. 1925(b)(1), which repeatedly states that the statement shall be served on the *judge*. Thus, while it would have been preferable for the order to indicate that the statement should be served on the judge, the order's language adequately informed Appellant of his obligations under Rule 1925(b). Thus, we agree with the trial court that Appellant failed to properly serve his Rule 1925(b) statement and his issues should be considered waived.

Even assuming that waiver did not apply, Appellant has failed to show that he has filed a timely PCRA petition. We acknowledge that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." ***Commonwealth v. Walters***, 135 A.3d 589, 591 (Pa.Super. 2016) (citations omitted).

Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of the three exceptions enumerated in Section 9545(b)(1), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right that has been held to apply retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

In this case, Appellant was sentenced on December 20, 2013. As Appellant did not file a direct appeal, the judgment of sentence became final on January 20, 2014, after the expiration of the time period to file an appeal to this Court. *See* Pa.R.A.P. 903(a). Thus, Appellant had to file a PCRA petition by January 20, 2015. As Appellant did not file this petition until March 24, 2022, the instant petition is facially untimely.

In his petition, Appellant claims he is entitled to an evidentiary hearing before the PCRA court to determine whether he is entitled to raise one of the exceptions to the PCRA timeliness bar. Appellant asserts that his PCRA counsel who appealed the May 18, 2015 dismissal of his first PCRA petition was ineffective as he did not include all relevant docket numbers in his notice of appeal.

However, Appellant fails to develop any argument to show that any of the three exceptions is applicable in this case to allow for review of the instant

petition, which was filed more than eight years after his judgment of sentence became final.

Accordingly, the trial court did not err in dismissing Appellant's petition as untimely filed.

Order affirmed.

Judge Lazarus joins the memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/26/2023