J-S06007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEVIN JAMES BRAMHALL | : | |
| | : | |
| Appellant | : | No. 1692 EDA 2023 |

Appeal from the PCRA Order Entered June 2, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0000576-2019

BEFORE: DUBOW, J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.:             **FILED JUNE 18, 2024**

Appellant Devin James Bramhall seeks review of the Order entered in the Chester County Court of Common Pleas dismissing his Petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.[1] He challenges the stewardship of plea counsel. After careful review, we are constrained to find that because Appellant failed to comply with the PCRA court's Rule 1925 Order, he has waived his issues.

We glean the following relevant background from the certified record. On October 30, 2019, Appellant entered into a counseled negotiated guilty

---

[1] Although the docket reflects the Order was dated June 1, 2023, the court did not serve the order until June 2, 2023. *See* Pa.R.A.P. 108(a)(1) (The "day of entry" of an order is "the day the clerk of the court . . . mails or delivers copies of the order to the parties."). We have changed the appeal caption accordingly.

plea to one count of Possession of a Firearm Prohibited, charged in connection with his sale of an AR-15 firearm to a confidential informant.[2] The court thoroughly colloquied Appellant prior to accepting the plea and, on same day, the court imposed the negotiated sentence of four to eight years' incarceration.

On November 7, 2019, Appellant filed a counseled Post-Sentence Motion seeking to withdraw his guilty plea. He asserted his innocence and claimed that his plea was not knowing, voluntary or intelligent. On June 2, 2020, the court held a hearing on the post-sentence motion and on July 1, 2020, the court denied the post-sentence motion, finding that Appellant had entered a knowing, voluntary, and intelligent plea. Appellant timely appealed.

This Court affirmed the Judgment of Sentence on May 20, 2021, agreeing with the trial court that the record indicated Appellant's plea was knowing, voluntary, and intelligent. *Commonwealth v. Bramhall*, 256 A.3d 44, *3 (Pa. Super. 2021)(non-precedential).

## A.

Appellant timely filed a *pro se* PCRA petition claiming that plea counsel "withheld from [him] the existence of alibi evidence," forced him into entering a plea "which he did not understand the terms thereof," and failed to investigate "exonerating evidence, including a witness who could potentially

---

[2] 18 Pa.C.S. § 6105(a)(1). Appellant has prior felony convictions for burglary and conspiracy to commit burglary for which he was serving parole when he sold the AK-15 to the confidential informant.

verify [his] alibi" and evidence which "places [him] at a separate location at the time of the alleged event." PCRA Petition, 3/2/22, at 4.

The PCRA court appointed counsel. On May 12, 2022, Counsel filed a **Turner**-**Finley**[3] letter and Motion to Withdraw his representation. On June 10, 2022, Appellant filed a *pro se* Motion for Leave to Amend his PCRA Petition which the court forwarded to counsel.

On September 13, 2022, the court filed its Notice of Intent to Dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, addressing each claim raised. On September 26, 2022, Appellant filed a document entitled "Objections to No-merit letter."[4] He also filed a motion requesting the appointment of new counsel, which the court denied on September 30, 2022.

On January 18, 2023, Appellant filed a motion to proceed *pro se*. On March 10, 2023, following a **Grazier**[5] hearing, the court entered an order finding that Appellant knowingly waived his right to PCRA counsel. The Order also directed court-appointed PCRA counsel to file a *praecipe* to withdraw his appearance, which counsel did on March 13, 2023.

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] Based on the timing of this document, and Appellant's subsequent Motion for Recusal of the PCRA judge, we deem this document to be a response to the court's Rule 907 Notice.

[5] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

Also on March 10, 2023, Appellant filed a Motion for Recusal, asserting among other things, that Judge Mahon was biased. On March 16, 2023, the court denied the motion. Appellant thereafter filed a *pro se* "Motion for Final Judgment." In response, the PCRA court entered its order dismissing Appellant's Petition on June 2, 2023.

**B.**

Appellant timely appealed. On June 30, 2023, the PCRA court entered an Order directing Appellant to file and serve the judge with a Pa.R.A.P. 1925(b) Statement within 21 days. On July 10, 2023, Appellant filed a *pro se* Motion for an Extension of Time ("Motion"), asserting that he needed "time sufficient to receive and reply to the Order most recently entered into the docket." Motion, filed 7/10/23, at 1. In support, he asserted that "on June 29, 2023, SCI-Albion received for Appellant via U.S. Mail a Notice or Order from this [c]ourt, presumably pursuant to Pa.R.A.P. 1925," and stated that "the entire document was returned to the clerk of courts without Appellant having any opportunity to review or inspect the documents." ***Id***. The court denied the Motion on July 12, 2023.[6]

_____

[6] On July 14, 2023, Appellant filed a letter dated July 6, 2023, which asserted that SCI Albion was interfering with his receipt of mail, and explaining:

> On July 3, I received another document from this court that I assume is pertaining this matter. The document was confiscated as the facility claimed that the documents sent from this [c]ourt tested positive for unspecified drugs. While I know as well as you that that allegation is absurd, and I am pursuing further review of

*(Footnote Continued Next Page)*

- 4 -

Appellant filed his Rule 1925(b) Statement on July 24, 2023, by mail sent to the clerk of courts at the Chester County Justice Center, Suite 1400. On August 8, 2023, the Honorable William P. Mahon filed a Rule 1925(a) Opinion, asserting that, although Appellant filed the Rule 1925(b) statement with the Chester County court clerk, Appellant waived all issues by "fail[ing] to serve it on the undersigned as required by the Rules of Court and this Court's Order of June 30, 2023." PCRA Ct. Op., 8/8/23, at 1.

## C.

Appellant raises the following issues for our review:

1. Did the PCRA Court err in finding that trial/plea counsel was not ineffective for failing to investigate an exculpatory alibi defense?

2. Did the PCRA Court err in finding that trial/plea counsel was not ineffective for failing to interview known alibi witnesses?

3. Did the PCRA Court err in finding that trial/plea counsel was not

_____

that matter, I fear that prejudice may befall me due to the facility's interference. I do not know what either document were [sic], and am only assuming that the one returned was the response to my Notice of Appeal due to the notice being contained therein, I cannot be sure because I was not given any opportunity to review the documents.

Letter, dated 7/6/23. Annexed to the letter is a DOC Official Inmate Grievance form dated July 5, 2023—signed by Appellant but not signed or dated by the "Facility Grievance Coordinator"—complaining about the lack of delivery of court mail and a handwritten DOC form entitled "Confiscated Items Receipt (Inmate)" indicating that "1 white 8.5 x 11 page of legal mail" and "1 white envelope," addressed from the Clerk of Court at Suite 1400 of the Chester County Justice Center, had "[t]ested positive for Drugs." This document contains no signatures.

ineffective for failing to request a continuance in light of receiving all of the discovery materials within 48 hours of trial?

4. Did the PCRA Court err in failing to properly address Appellant's claim of ineffective assistance of counsel based on counsel's failure to adequately review the discovery materials with Appellant?

5. Did the PCRA Court err in finding that trial/plea counsel was not ineffective for failing to familiarize himself with the terms of the plea agreement prior to advising Appellant to plead guilty?

6. Did the PCRA Court err in finding that Appellant's guilty plea was knowingly tendered, not based on the advice of ineffective counsel?

7. Did the PCRA Court err in failing to address the claim of counsel's ineffectiveness based on his failure to properly calculate Appellant's prior record[] score, and in turn advising Appellant to plead guilty in exchange for a sentence beyond the standard range?

Appellant's Br. at 9.[7]

**D.**

Before we may consider the merits of the issues raised, we must determine whether Appellant preserved his issues for this Court's review. Rule 1925(b)(1) provides, in relevant part, that when a court orders a statement of errors complained of on appeal, "the appellant shall file of record the Statement *and concurrently* shall serve the judge." Pa.R.A.P. 1925(b)(1) (emphasis added). The rule also provides that "[s]ervice on the judge shall

_____

[7] With respect to Appellant's seventh issue asserting trial court error, he did not raise the underlying ineffectiveness issue regarding his OGS in his PCRA Petition. "Issues not raised before the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

be at the location specified in the order[.]" *Id*. Our Supreme Court has held unequivocally that the "failure to comply with the minimal requirements of [Rule] 1925(b) will result in automatic waiver." *Commonwealth v. Schofield*, 888 A.2d 771, 774 (Pa. 2005), *citing* Pa.R.A.P. 1925(b)(1).

This Court recently applied this legal principle in *Commonwealth v. Eldred*, 207 A.3d 404 (Pa. Super. 2019), where the appellant timely filed his Rule 1925(b) Statement but failed to serve the statement on the trial judge as ordered. This Court concluded that the appellant's failure to serve the trial judge, as required by Rule 1925(b)(1), was fatal to his appeal. *Id*. at 407.

"[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation ... therefore, we look first to the language of that order." *Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.,* 88 A.3d 222, 225 (Pa. Super. 2014)(citation omitted).

In the instant case, the PCRA court's June 30, 2023 order directed that Appellant "file of record and serve" his Rule 1925(b) Statement by mail or in person "upon the undersigned", *i.e.* the Hon. William Mahon, at Suite 7211A of the Chester County Justice Center. The order further directed that the Statement "must be served pursuant to Rule 1925(b)(1)" and the statement

must be "filed and served" within 21 days of the date of the entry of the order on the docket.[8]

In his brief, Appellant asserts that as soon as he received the court's denial of his Motion for an Extension of Time to file the Rule 1925(b) Statement, he "immediately filed his Concise Statement." Appellant's Br. at 12. The court docketed the Rule 1925(b) Statement as filed on July 24, 2023. Appellant acknowledges that he did not serve the judge concurrently when he states: "[O]n August 7, 2023, Appellant received the order and served the

_____

[8] The Order signed by Judge Mahon specifically provides:

> **AND NOW**, this 30th day of June, 2023, it is hereby ORDERED that pursuant to Pa. R.A.P. 1925(b),
>                                    [Appellant]
> Is hereby ORDERED to file of record and serve upon the undersigned, a concise statement ("Statement") of the errors complained of on appeal in the above captioned matter. The Statement may be served in person, or mailed, to the undersigned at the:
>
> >         Chester County Justice Center
> >         201 West Market Street, Suite 7211A
> >         Post Office Box 2746
> >         West Chester, Pennsylvania 19380-0989
>
> The Statement must be filed of record. The Statement must be served upon the undersigned pursuant to Pa.R.A.P. No. 1925(b)(1). The Statement must be filed and served no later than twenty-one (21) days from the date of the entry on the docket of this Order. Any issue not properly included in the Statement timely filed and served pursuant to Pa.R.A.P. No. 1925(b) shall be deemed waived. Attention is directed to Pa.R.A.P. No. 1925(b)(4) which sets forth requirements for the Statement.

Order, 6/30/23.

court[.]" *Id*. at 12. He provides no evidence to support this statement. Moreover, Appellant's brief contains no acknowledgment that he failed to comply with the "minimal requirements" of Rule 1925(b)(1) or with the directives provided in the order.

Although this Court is "willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa. Super. 2005). Thus, a *pro se* litigant must comply not only with court orders, but also with the procedural rules set forth in the Pennsylvania Rules of Court. ***Id***.

Accordingly, pursuant to ***Eldred*** and our Supreme Court precedent requiring strict compliance with the filing and concurrent service requirements of Rule 1925(b)(1), we are constrained to find that Appellant's failure to comply with these "minimal requirements of Rule 1925(b)" renders the issues raised on appeal waived. ***Schofield***, 888 A.2d at 774. We, thus, affirm the PCRA court's order denying relief.[9]

_____

[9] Even if Appellant had complied with the court's Rule 1925(b) Order, we would not remand for a Rule 1925(a) Opinion. The court's Rule 907 Notice addressed, with analyses citing to the record, relevant rules, and precedential case law, each of the ineffective assistance of counsel claims raised in Appellant's in his PCRA petition which are identical to those raised in his appellate brief. Thus, following our review of Appellant's brief, the record, and relevant authority, even if Appellant had properly served his Rule 1925(b) Statement, we would adopt the reasoning of the PCRA court and conclude that Appellant's claims are either without merit or waived. ***See*** Notice of Intent to Dismiss PCRA Petition Pursuant to Pa.R.Crim.P. 907(a), filed 9/13/22, at 2 n.1 (concluding **(1)** where Appellant claimed counsel failed to investigate an alibi defense, his argument is based on a videotape that inures to the benefit of
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/18/2024

_____

the Commonwealth and is not exculpatory, therefore, Appellant could not show he suffered prejudice from counsel's actions; **(2)** Appellant failed to satisfy the prejudice prong of the ineffectiveness claim that counsel should have requested a continuance to review evidence allegedly received within 48 hours of the scheduled trial date, *i.e.*, specifically, the alleged "exculpatory" videotape; **(3)** Appellant was aware of the video evidence and time-stamped still photo taken from surveillance video prior to pleading guilty, therefore, his claim that counsel withheld discovery materials from him prior to him pleading guilty is belied by the record and, moreover, counsel had obtained all discovery materials and Appellant stated at his plea hearing that he was satisfied with the representation he received from counsel; **(4)** Appellant failed to assert that the witness he contends counsel should have interviewed was available and willing to testify on his behalf; **(5)** Appellant failed to identify which portions of the negotiated plea agreement he contends counsel was unfamiliar with or how counsel's unfamiliarity with those portions resulted in actual prejudice; moreover, Appellant benefited from the plea agreement by obtaining the Commonwealth's waiver of three charges and a mitigated range sentence, and **(6)** reiterating this Court's finding that Appellant's plea was knowing, voluntary, and intelligent.

- 10 -