J-S46037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID ALLAN HANSHE | : | |
| | : | |
| Appellant | : | No. 387 WDA 2025 |

Appeal from the PCRA Order Entered January 23, 2025
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0001489-2022

BEFORE: BOWES, J., NICHOLS, J., and KING, J.

JUDGMENT ORDER BY KING, J.: **FILED: JANUARY 13, 2026**

Appellant, David Allan Hanshe, appeals *pro se* from the order entered in the Beaver County Court of Common Pleas, dismissing his timely first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this appeal are as follows. On November 21, 2022, the Commonwealth filed a criminal information charging Appellant with 58 counts related to the sexual assault of his three children, beginning in 2013. On August 30, 2023, Appellant entered a *nolo contendere* plea to three counts of rape of a child. That same day, the court sentenced him to an aggregate term of 5 to 10 years of incarceration and continued the matter for a hearing to determine whether Appellant met the criteria of a sexually violent predator ("SVP"). On November 22, 2023, the

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

trial court classified Appellant as an SVP and Tier III sex offender with lifetime registration. Appellant did not file post-sentence motions or a direct appeal.

On July 8, 2024, Appellant timely filed a *pro se* PCRA petition. The court appointed counsel who subsequently filed a motion to withdraw and a **Turner**/**Finley**[2] no-merit letter. On November 22, 2024, the court permitted counsel to withdraw and sent Appellant notice pursuant to Pa.R.Crim.P. 907 that his petition would be dismissed without a hearing. On January 22, 2025, the court formally dismissed Appellant's petition.

On February 21, 2025, this Court received a *pro se* notice of appeal from Appellant and forwarded it to the Beaver County Court of Common Pleas. On March 7, 2025, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On March 31, 2025, Appellant filed a motion requesting an extension of time to file his statement, which the court granted on April 3, 2025. Appellant's statement was due no later than April 25, 2025. On April 21, 2025, Appellant filed a *pro se* motion requesting another extension of time to file his statement, which the court denied on April 23, 2025. Ultimately, Appellant did not file any Rule 1925(b) statement.

As a preliminary matter, we must address Appellant's failure to file a court-ordered Rule 1925(b) statement. Pennsylvania law makes clear:

> [A]ny issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review. *See Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306, 309 (1998). Further,

---

[2] *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

an appellant's concise statement must identify the errors with sufficient specificity for the trial court to identify and address the issues the appellant wishes to raise on appeal. ***See*** Pa.R.A.P. 1925(b)(4)(ii) (requiring a Rule 1925(b) statement to "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge"). This Court [has] explained ... that Pa.R.A.P. 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal.

***Commonwealth v. Bonnett***, 239 A.3d 1096, 1106 (Pa.Super. 2020), *appeal denied*, 666 Pa. 83, 250 A.3d 468 (2021). ***See also*** Pa.R.A.P. 1925(b)(4)(vii) (stating that issues not included in concise statement and/or not raised in accordance with rule are waived). ***See also Commonwealth v. Eldred***, 207 A.3d 404, 407 (Pa.Super. 2019) (holding failure to comply with minimal requirements of Rule 1925(b)(i) results in automatic waiver of issues on appeal).

Instantly, the PCRA court issued its Rule 1925(b) order on March 7, 2025, and subsequently granted Appellant an extension of time to file on April 3, 2025. The March 7, 2025 order makes clear that failure to comply with the court's directive will result in waiver of the claims raised on appeal, and the extension order further makes clear that Appellant's statement was due no later than April 25, 2025. Although Appellant requested a second extension, the court denied that request. Ultimately, Appellant failed to file a Rule 1925(b) statement by April 25, 2025, despite being granted an extension of

- 3 -

time to do so. Therefore, Appellant's issues are waived on appeal.[3] **See**

**Bonnett, supra**. Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 1/13/2026

---

[3] Even if Appellant had preserved his issues in a timely-filed Rule 1925(b) statement, Appellant's issues on appeal would still be waived because Appellant's brief is wholly inadequate for our review. Specifically, Appellant has failed to comply with the Rules of Appellate Procedure as his brief does not cite to the record or provide developed arguments with citation to pertinent authority. **See Commonwealth v. Adams**, 882 A.2d 496, 497-98 (Pa.Super. 2005) (explaining that *pro se* status does not confer any special benefits upon the litigant). **See also** Pa.R.A.P. 2119(a)-(e) (explaining required content of argument section of brief); Pa.R.A.P. 2101 (stating that failure to comply with briefing requirements can result in quashal or dismissal of appeal).